UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHERMAN LANCE WASHINGTON,

          Plaintiff,

v.

WAYNE COUNTY PROSECUTOR,
and GREGORY HILL,

          Defendants.
_____/

Civil Action No. 25-11491

David M. Lawson
United States District Judge

David R. Grand
United States Magistrate Judge

## REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT (ECF No. 1) UNDER 28 U.S.C. § 1915(e)

**I.    RECOMMENDATION**

Plaintiff Sherman Washington ("Washington"), an incarcerated person, brings this *pro se* civil rights action against defendants "Wayne County Prosecutor" and Gregory Hill. (ECF No. 1). Washington has been granted permission to proceed *in forma pauperis* in this case.[1] (ECF No. 5). The Court now having assessed the sufficiency of the complaint pursuant to 28 U.S.C. § 1915(e), **IT IS RECOMMENDED** that Washington's complaint be **DISMISSED**.

**II.    REPORT**

    **A.    Background**

On May 13, 2025, Washington filed his complaint in this case, alleging violations of the Fourth and Fourteenth Amendments by the "Wayne County Prosecutor" and

---

[1] This case has been referred to the undersigned for all pretrial purposes. (ECF No. 6).

Gregory Hill, a police officer with the Detroit Police Department. (ECF No. 1). Washington's instant case arises out of his October 1988 state court conviction on a theft charge. Washington alleges that, in September 1987, he and another individual – identified only as "Lewis" – were arrested by Officer Hill "without probable cause." (*Id.*, PageID.5). Washington alleges that both he and Lewis were accused of breaking into a middle school, taken to the local precinct, and "booked and released the next day." (*Id.*). Washington further alleges that neither he nor Lewis was told to appear in court "because it was assumed [they] all knew the boys were falsely arrested." (*Id.*).

According to Washington, he had signed up for the United States Army Reserve in May 1987, and after his arrest in September 1987, he proceeded to attend Basic and Advanced Individual Training in Texas. (*Id.*). When he returned to Detroit, he was arrested and prosecuted for breaking into the middle school and stealing property. (*Id.*). Washington further alleges that, during the preliminary examination (which was held on August 9, 1988), Officer Hill testified that "two people" were seen leaving the middle school "with boxes in hand," were chased, and were caught by Officer Hill and others. (*Id.*). Washington was found guilty in October 1988; however, "Lewis" was never prosecuted for the crime, allegedly because his uncle was "friends with the police." (*Id.*, PageID.6).

Now, some 37 years later, Washington filed his instant complaint claiming that because Officer Hill and the Wayne County Prosecutor only prosecuted one suspect for a crime that allegedly had been committed by two people, there was "an inequality in the law" that amounted to a "malicious prosecution." (*Id.*, PageID.7). Washington asks that

2

the state court criminal case be "dismissed from [his] record," which is important to him now because "it is factored into [his] current sentence" for a different crime.[2] (*Id.*). Washington also alleges that his 1988 conviction "messed up his whole life" and he seeks damages in excess of $3.5 million. (*Id.*, PageID.5, 7).

### B. Applicable Legal Standards

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court shall *sua sponte* dismiss an *in forma pauperis* complaint "at any time" if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. §1997e(c); 28 U.S.C. §1915(e)(2)(B). In performing this review, the Court must construe the *pro se* plaintiff's complaint liberally and hold it to a less stringent standard than one drafted by an attorney. *See Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005). Even applying this liberal standard, however, Washington's complaint fails to state a claim upon which relief may be granted.

### C. Analysis

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *See Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

---

[2] According to publicly available records, Washington was convicted of first-degree home invasion in 2012. *See* https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=207519 (last accessed June 9, 2025).

As set forth above, Washington first alleges that he was arrested without probable cause, resulting in his malicious prosecution, in violation of the Fourth Amendment. Specifically, Washington asserts:

> Washington (plaintiff) and Lewis were standing on Pasquale Koyton's porch. Pasquale is Lewis's uncle. Officer Gregory Hill arrested them, single handedly, without probable cause. Hill took the boys to Farewell Middle School, accused them of breaking in, then took them to the local precinct. Where they were booked and released the next day. They were not told to show up for court because it was assumed we all knew the boys were falsely arrested. This was September 1987.

(ECF No. 1, PageID.5). Washington also asserts that his selective prosecution violated the Equal Protection Clause of the Fourteenth Amendment:

> Because Washington was getting his life together and Lewis's uncle was friends with the police, we believe Washington was maliciously prosecuted. As the charges were fabricated, Washington should've not been prosecuted. Just like Lewis wasn't. To pursue one and not both is a violation of equal protection under the law.

(*Id.*, PageID.6). For the reasons explained below, both claims fail to state a claim upon which relief can be granted and should be dismissed.

   1.   *Malicious Prosecution*

Washington's Fourth Amendment claim – which is focused on the absence of "probable cause" for his arrest and his subsequent "malicious prosecution" – fails as a matter of law. Incarcerated persons typically may not use § 1983 to challenge the validity of their imprisonment, only its conditions. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) ("[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a

4

conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]") (footnote omitted).  Under the *Heck* doctrine and related Supreme Court cases:

> [A] state prisoner's §1983 action is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original).

Here, Washington has not alleged that his 1988 conviction was "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]"  *Heck*, 512 U.S. at 486-87.  In asking this Court to "dismiss[]" the 1988 case from his "record," Washington is quite literally calling into question the validity of that conviction, which is exactly what the *Heck* doctrine forbids.  *See Richmond v. Mosley*, No. 23-1643, 2024 WL 2862505, at *1-2 (6th Cir. June 6, 2024) (§ 1983 plaintiff cannot maintain claim for malicious prosecution where that claim "necessarily" implies the invalidity of his conviction).

In his recent letter to the Court, Washington asserts that his claim is "not a malicious prosecution in the traditional sense . . . where the prosecution ended without conviction.  No[,] this is based on the fact that only one person was tried in which there was testimony that 'two' did the crime.  That should qualify as a malicious prosecution . . ."  (ECF No. 9,

5

PageID.30-31). Washington's subjective characterization of his claim as one based on different treatment does not change the analysis, and his claim is still subject to dismissal under *Heck*. *See Robinson v. Donovan*, No. 4:13-CV-14752, 2015 WL 4528036, at *10 (E.D. Mich. July 27, 2015) ("To the extent Robinson alleges that the officers treated him differently on the basis of his race because they arrested him for heroin possession, but declined to arrest Leist and Helmer on the same charge, this claim is also barred under *Heck*.").

For all of the above reasons, Washington's Fourth Amendment malicious prosecution claim is barred by *Heck* and should be dismissed.

    2.    *Equal Protection*

Washington also alleges that because he was prosecuted and "Lewis" was not, he was subjected to unequal treatment under the law, resulting in a violation of the Equal Protection Clause of the Fourteenth Amendment. (ECF No. 1, PageID.6). However, this claim of selective enforcement is also barred under *Heck*. *See, e.g., Smith v. Hermans*, No. 06-12794, 2008 WL 4450289, at *18 (E.D. Mich. Aug. 28, 2008), *adopted in relevant part*, 2008 WL 4450288 (E.D. Mich. Sept. 29, 2008) (applying *Heck* on the grounds that a successful claim of selective enforcement under the Equal Protection Clause would necessarily invalidate state court conviction); *see also Watson v. Shumate*, No. 3:18-CV-P460-GNS, 2018 WL 6728572, at *3 (W.D. Ky. Dec. 21, 2018) (applying *Heck* to dismiss equal protection claim alleging race-based arrest and prosecution because "a finding that [the] Detective [] violated the Constitution by arresting/charging Plaintiff based on his race would necessarily imply the invalidity of his continued confinement."); *Sherratt v. Utah*

6

*Dep't of Corr.*, 545 F. App'x 744, 749-50 (10th Cir. 2013) (holding that plaintiff's Fourteenth Amendment selective enforcement claim was barred by *Heck*); *Roberts v. O'Bannon*, 199 F. App'x 711, 713-14 (10th Cir. 2006) (barring Fourteenth Amendment selective enforcement claim under *Heck* where defendant alleged that hotel room "companion" was physically closer to controlled substance that him, although the authorities never prosecuted her).

In short, Washington's Equal Protection claim is also barred by *Heck* and should be dismissed.

### III.   CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that Washington's complaint **(ECF No. 1)** be **DISMISSED** pursuant to 28 U.S.C. § 1915(e).

Dated: June 24, 2025　　　　　　　　　　　s/David R. Grand
Ann Arbor, Michigan　　　　　　　　　　　DAVID R. GRAND
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge


### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981).  The filing of objections

7

which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 24, 2025.

                                                   s/Eddrey O. Butts
                                                   EDDREY O. BUTTS
                                                   Case Manager