UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHERMAN LANCE WASHINGTON,

        Plaintiff,

v.

WAYNE COUNTY PROSECUTOR and
GREGORY HILL,

        Defendants.
_____/

Case Number 25-11491
Honorable David M. Lawson
Magistrate Judge David R. Grand

**ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND
RECOMMENDATION, AND DISMISSING PLAINTIFF'S COMPLAINT**

Presently before the Court is a report issued on June 24, 2025 by Magistrate Judge David R. Grand under 28 U.S.C. § 636(b) recommending that the Court screen the plaintiff's complaint under 28 U.S.C. § 1915(e) and dismiss it on the Court's own motion for failure to state a claim. The plaintiff timely objected to the recommendation of the magistrate judge. The Court has considered the plaintiff's objections and conducted a fresh review of the complaint. The complaint does not state viable claims and therefore must be dismissed.

I.

Nearly forty years have passed since the events giving rise to the plaintiff's claims. In his complaint, plaintiff Sherman Washington alleges that the Wayne County Prosecutor and Officer Gregory Hill of the Detroit Police Department violated his rights under the Fourth and Fourteenth Amendments when he was charged and ultimately convicted of theft in October of 1988. ECF No. 1. Washington states that he and another individual were arrested by Hill in September of 1987 "without probable cause." *Id.* at PageID.5-6. He alleges that the other individual was involved in the crime but never prosecuted because his uncle was friends with the police. Washington alleges that the prosecutor's decision to charge only him with the crime created an

"inequality in the law" that amounted to malicious prosecution and a violation of his right to equal protection under the law. He seeks damages and asks that the conviction be removed from his record.

Judge Grand construed the complaint to assert two substantive claims: malicious prosecution in violation of the Fourth Amendment and a violation of the Fourteenth Amendment's Equal Protection Clause. He concluded, however, that both claims were barred by the Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Washington timely objected to Judge Grand's report. The substance of his submission can be distilled into two objections: 1) that *Heck* requires his sentence to be vacated and 2) that the Equal Protection Clause required prosecutors to charge both Washington and the other individual with a crime or refrain from charging either. The objections lack merit and will be overruled.

II.

When a party files timely objections to a report and recommendation, the court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This fresh review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

This review is not plenary, however. "The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues — factual and legal — that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147

(1985). As a result, "[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Tchrs. Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

When, as here, a plaintiff has asked the Court to waive fees and costs because he cannot afford to pay them, the Court has an obligation to screen the case for merit and dismiss the case if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In addition, the Court must conduct an initial screening of a prisoner complaint filed against a state or governmental entity. 28 U.S.C. § 1915A(a) ("The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."). A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law or fact if it . . . is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000) (citing *Neitzke*, 490 U.S. at 327-28).

Although a complaint filed by an unrepresented party must be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), "[t]he leniency granted to pro se [litigants] . . . is not boundless." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). The screening mandated by Congress in section 1915(e)(2) includes the obligation to dismiss civil complaints filed by prospective *pro se* filers if they "fail[] to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii);

*McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock,* 549 U.S. 199 (2007).

To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006)).

A.

Read generously, the plaintiff's first objection challenges the magistrate judge's conclusion that the claims are barred by the *Heck* doctrine. In that case, the Supreme Court held that when a plaintiff brings a civil rights action under 42 U.S.C. § 1983 that "challenges the fact or duration of his confinement and seeks immediate or speedier release," the case must be viewed as a habeas corpus action and state remedies must be exhausted. *Heck*, 512 U.S. at 481 (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)). Therefore, the Court held, if a plaintiff's section 1983 action "would necessarily imply the invalidity of his conviction or sentence . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated" by executive order, reversal on direct appeal, or writ of habeas corpus. *Id.* at 487. The line of cases that follow *Heck*, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) — no matter the relief sought (damages or equitable

relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). The underlying basis for the holding in *Heck* is that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486.

Here, Washington does not allege that his 1988 conviction has been invalidated. That result appears to be precisely the point of this litigation, yet such relief expressly is barred by *Heck*. Likewise, his claim for damages necessarily would call into question the validity of his conviction. Consequently, his civil rights complaint is barred by *Heck* and must be dismissed.

B.

Washington's second objection fails for similar reasons. He argues that it was "wrong" for the prosecutor and police officer to pursue charges against him when another individual also may have been involved in the theft, and he reasons that the charges should have been filed against both individuals or neither one. Whether Washington is correct about the morality of the officials' charging decision is immaterial at this late juncture, however. *Heck* makes clear that the Court generally may not entertain a civil action challenging the validity of a conviction or sentence ghat has not been overturned.

III.

The plaintiff has not identified any error in the magistrate judge's conclusion that his complaint fails to state any claim for which relief may be granted under federal law and must be dismissed, 28 U.S.C. § 1915(e)(2)(B), and the Court reaches the same conclusion on fresh review. The Court therefore will overrule the plaintiff's objections, adopt the report and recommendation of the magistrate judge, and dismiss the plaintiff's complaint.

Accordingly, it is **ORDERED** that the report and recommendation of the magistrate judge dated June 24, 2025 (ECF No. 10) is **ADOPTED**, the plaintiff's objections are **OVERRULED**, and the case is **DISMISSED WITH PREJUDICE**.

        s/David M. Lawson
        DAVID M. LAWSON
        United States District Judge

Dated: July 17, 2025